IN THE UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA


GABRIEL PITTMAN,                :
                                :
          Plaintiff             :
                                :    CIVIL NO. 3:CV-14-598
                                :
     v.                         :    (Judge Conaboy)
                                :
TOM CORBETT, ET AL.,            :
                                :
          Defendants            :
_____

**MEMORANDUM**
**Background**

    Gabriel Pittman (Plaintiff), an inmate presently confined at the State Correctional Institution, Houtzdale, Pennsylvania (SCI-Houtzdale) initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania. By Memorandum and Order dated February 27, 2014, the Eastern District granted Pittman's request for leave to proceed in forma pauperis, dismissed some of his claims and Defendants, and transferred his surviving claims relating to his prior confinement at the State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas) to this Court.

    Thereafter, by Order dated April 11, 2014, a second action filed by Plaintiff, Pittman v. Corbett, et al., Civil No. 3:CV-14-567, which was intended to be a proposed amended complaint was consolidated into this matter. See Doc. 11. However, the Plaintiff's proposed amended complaint was not accepted and he was

1

granted leave to file and serve a proper amended complaint.[1] See id. Plaintiff subsequently filed an amended complaint (Doc. 13) which was accepted by the Court.

Presently pending is a motion to dismiss filed by Defendant Corizon Healthcare Inc. ("Corizon"). See Doc. 30. The opposed motion is ripe for consideration.

With respect to the Moving Defendant, the Amended Complaint states that Pittman has been diagnosed with a skin disorder, "steatocystoma multiplex which has riddled his body with innumerable sebaceous cysts and many keloids" which cause moderate pain when they become infected or irritated. Doc. 13, ¶ 11. Plaintiff asserts that Corizon was contracted to provide medical services to the SCI-Dallas inmate population during the relevant time period.

Pittman acknowledges that he has been provided treatment for his condition which has included periodic steroid injections, excision and draining of cysts, and consultation with a dermatologist. However, he contends Doctor Stanish, a Corizon employee improperly halted the steroid injections and that other previously prescribed care has not been provided by the SCI-Dallas medical staff. Plaintiff vaguely asserts that the lack of treatment was the result of an unconstitutional Corizon policy and/or custom. See id. at ¶ 19. The Amended Complaint adds that these alleged denials of medical care transpired between 2012-13.

---

1. The proposed Amended Complaint includes claims and Defendants which were previously dismissed by the Eastern District's February 27, 2014 Memorandum and Order

2

Plaintiff seeks injunctive relief, compensatory and punitive damages.

## **Discussion**

The Moving Defendant does not dispute that it contracted with the Pennsylvania Department of Corrections (DOC) to provide medical care to the SCI-Dallas inmate population or that Pittman suffers from steatocystoma multiplex, which they describe as being an uncommon benign disorder which typically manifests as multiple asymptomatic intradermal cysts. See Doc. 31, p. 2. However Corizon claims entitlement to entry of dismissal because the facts alleged in the Amended Complaint do not identify "any particular policy or program" which purportedly violated Plaintiff's constitutional rights. Doc. 31, p. 7.

## **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement

3

"calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556.

A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 556 U.S. at 678. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Corporate Liability**

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v.

4

Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 - 36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton

v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Based on the nature of Pittman's allegations, it is apparent that he may, at least in part, be attempting to establish liability against Corizon on the basis of actions or decisions undertaken by its employees on the SCI-Dallas medical staff. Under the standards developed in Rode, this Court agrees that any such assertions by themselves are insufficient for purposes of establishing liability under § 1983.

Rather, in order to establish a viable § 1983 claim against a private corporate entity such as Corizon, it must be asserted that said defendant had a policy, practice, or custom which caused injury to the plaintiff. See Adonai-Adoni v. King, 2009 WL 890683 * 2 (E.D. Pa. March 31, 2009) (a private health care provider can only be liable under § 1983 if claim rests upon some policy, practice or custom); see also Riddick v. Modery, 250 Fed. Appx. 482, 483-84 (3d Cir. 2007).

In Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003), the Third Circuit Court of Appeals addressed a delayed treatment claim by a diabetic pre-trial detainee who entered confinement with a medical directive stating

6

that he must have insulin while incarcerated.  The Court of Appeals stated liability could exist against an entity such as Corizon if it "turned a blind eye to an obviously inadequate practice." Natale, 318 F. 3d at 584

The pro se Complaint includes a vague, speculative claim that Plaintiff was denied previously prescribed treatment as the result of a Corizon policy, practice or custom.  The policy, custom, or practice is not described by Pittman.  Moreover, the Amended Complaint does not include any assertion of fact that could support such a claim.

Second, the Amended Complaint concedes that Plaintiff has been provided treatment for his condition which has included periodic steroid injections, excision and draining of cysts, and consultation with a dermatologist.  Unlike Natale there is no basis for a claim that Corizon failed to create a policy to provide for the necessary treatment required by Plaintiff.  Rather, this case concerns a prisoner's claim that there was failure to adequately treat a condition but the Amended Complaint does not point to any specific policy or practice that caused that failure.  See Stankowski v. Farley, 487 F. Supp.2d 543, 554-555 (M.D. Pa. 2007). As such, there is no discernible basis for liability against Corizon.  It appears to this Court that Plaintiff's dispute rests with the individual medical professionals who were involved in his treatment, and not wit hthe corporate entity for which they were employed.

Accordingly, Corizon is entitled to entry of dismissal.  See Carpenter v. Kloptoski, 2010 WL 891825 * 8 (M.D. Pa. March 10,

7

2010)(§ 1983 claim against PHS solely on the basis that it was responsible for providing health care is subject to dismissal). Pursuant to the above discussion, Defendant Corizon's motion to dismiss will be granted. An appropriate Order will enter.[2]

                                        S/Richard P. Conaboy
                                        RICHARD P. CONABOY
                                        United States District Judge

DATED: September 5, 2017

---

2. If Pittman can identify an actual Corizon policy, custom, or practice he may file a motion for reconsideration within fourteen (14) days of the date of this Memorandum.

8