# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL PITTMAN,** | : | CIVIL ACTION NO. 3:14-CV-598 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **TOM CORBETT, et al.,** | : | |
| Defendants | : | |

## **ORDER**

On November 30, 2016, a summons was issued in this matter. (Doc. 24). To date, waivers of service have not been returned by Defendants MD Stanley Stanish, PA Jennifer Porta, O'Brien, Tara Cynwinski, or Mrs. Loretta (collectively "Remaining Defendants"). Because Remaining Defendants have not been served, on May 16, 2019, this Court directed Gabriel Pittman to show cause as to why the action against Remaining Defendants should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to serve them with the summons and complaint within 90 days. (Doc. 77). Pittman has not timely responded to that Order.

Rule 4(m) requires that a plaintiff serve the defendants "within 90 days after the complaint is filed." If the plaintiff fails to timely serve a defendant, courts may "dismiss the action without prejudice against that defendant" or grant an extension of time, unless the plaintiff shows good cause for the failure to timely serve a defendant, in which case an extension of time must be granted. Id.

The United States Court of Appeals for the Third Circuit "'ha[s] equated good cause with the concept of excusable neglect, which requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable

basis for noncompliance within the time specified in the rules.'" Mathies v. Silver, 450 F. App'x 219, 222 (3d Cir. 2011) (quoting MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (ellipsis omitted)).

> The factors a court should consider in evaluating whether good cause exists are: (1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; (3) whether the plaintiff has moved for an enlargement of time; and (4) whether the statute of limitations will bar the plaintiff's claims if the action is dismissed.

Id.

After reviewing the relevant factors, the Court concludes that Pittman has not shown good cause for his failure to serve Remaining Defendants. As to the first factor, Pittman's efforts to effect service have been deficient. The Court mailed waiver of service forms and complaints to Remaining Defendants at the addresses provided by Pittman (see Doc. 24), but it is unclear if those documents were received. Remaining Defendants never executed the waivers of service, entered appearances, or filed any documents in this matter. Once Remaining Defendants failed to return executed waiver of service forms, it became Pittman's responsibility to ensure that they were served.[1] Nevertheless, Pittman did not follow up on the failed service attempt, nor has he provided the Court with a better address where it may direct service by United States Marshals.

---

[1] Indeed, the waiver forms completed by Pittman note that no formal service would be attempted if the waivers were completed by Remaining Defendants; otherwise, Pittman was required to "arrange to have the summons and complaint served on [Remaining Defendants]." (Doc. 24 at 26, 29, 32, 35, 38).

For more than two and one-half years, Pittman failed to ensure that Remaining Defendants were served or take any action to effectuate service. During that time the case proceeded in due course, and all other defendants have been dismissed from the action. Importantly, Pittman has failed to respond to the Court's order directing him to show cause, or attempt to provide a reasonable explanation for his failure to serve Remaining Defendants.

With regard to the second factor, Pittman never moved for an extension of time to serve Remaining Defendants. As to the third factor, Remaining Defendants have suffered prejudice from Pittman's failure to timely serve the summons and complaint. The events that form the basis of Pittman's amended complaint occurred between five and seven years ago (Doc. 13 at 3-13), and the lengthy lapse in time between those events and this date has undoubtedly resulted in "the inevitable dimming of witnesses' memories." Bull v. United Parcel Serv., Inc., 665 F.3d 68, 80 (3d Cir. 2012). This, in turn, hinders Remaining Defendants' ability to defend against the allegations.

Balanced against those considerations is the fact that any action against Remaining Defendants is now likely barred by the statute of limitations, as "[t]he statute of limitations applicable to § 1983 claims in Pennsylvania is two years," Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017), and the events that Pittman complain of occurred more than five years ago. (See Doc. 13 at 3-13). Although dismissal would prejudice Pittman, in the absence of good cause to excuse his failure to serve Remaining Defendants or, at the very least, a reasonable explanation for that failure, and in light of the prejudice resulting from the already-

lengthy delay in service, the Court concludes that it is appropriate to dismiss the action against Remaining Defendants. Accordingly, it is hereby ORDERED that:

1. The action against Remaining Defendants is DISMISSED without prejudice, in accordance with Fed. R. Civ. P. 4(m); and

2. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania